# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51726

STATE OF IDAHO,

      **Plaintiff-Respondent,**

v.

ERASMO ALCALA DIAZ,

      **Defendant-Appellant.**

)
)
)
)
)
)
)
)
)
)
)
)
)

**Filed: July 30, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Order denying motion for relief from amended restitution order, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Erasmo Alcala Diaz appeals from the order denying motion for relief from the amended restitution order and the order denying his Idaho Criminal Rule 35 motion. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Diaz was charged with second degree murder; desertion of a child; injury to a child; and destruction, alteration, or concealment of evidence. Diaz pled guilty to second degree murder (Idaho Code §§ 18-4001, -4002; -4003(g)). In exchange for his guilty plea, the State agreed to dismiss the remaining charges. Diaz was sentenced to a unified term of thirty years, with a minimum period of confinement of fifteen years. Thereafter, the district court entered a restitution order in the amount of $25,699.88. Diaz filed an objection to and motion for relief from the order,

1

and the district court held a hearing. Following the hearing, the district court entered an amended restitution order in the amount of $12,923.41.

Diaz filed a subsequent motion for relief seeking further reduction of restitution in the amount of $4,982.25, asserting he was entitled to an offset based on the child support payment made to his minor child from Diaz's conservatorship. Diaz also filed an I.C.R. 35 motion, requesting a reduction in the determinate portion of his sentence based on non-citizens being denied parole at a higher rate than United States citizens. The district court denied both motions. Diaz appeals.

## II.

## STANDARD OF REVIEW

A district court's restitution order is reviewed on appeal for an abuse of discretion. *State v. Foeller*, 168 Idaho 884, 887, 489 P.3d 795, 798 (2021). An I.C.R. 35 motion for reduction of sentence is also reviewed for an abuse of discretion. *State v. Carter*, 157 Idaho 900, 903, 341 P.3d 1269, 1272 (Ct. App. 2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Diaz challenges the amended restitution ordered by the district court in the amount of $12,923.41. Diaz asserts that his conservatorship paid $4,982.25 in child support to his minor child, which qualified as a collateral source pursuant to I.C. § 72-1016(5) that could offset the total amount of restitution. Diaz also asserts that the district court erred by denying his I.C.R. 35 motion because the new information he provided to the district court warranted a reduction of his sentence. The State responds that Diaz has failed to show that the payment was made for child support because the record indicates the payment was made to the guardian ad litem and the conservator of Diaz's estate and, thus, does not qualify as a collateral source. The State also contends that Diaz's I.C.R. 35 argument is premature and should not be considered on appeal. We

2

hold that Diaz has failed to show the district court abused its discretion in denying his motion for relief from the amended restitution order or erred in denying his I.C.R. 35 motion.

## A. Motion for Relief from Restitution Order

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279.

Diaz challenges the district court's denial of his motion for additional relief from the amended restitution order. Specifically, Diaz argues that the restitution ordered in the amount of $12,923.41 should be further reduced by $4,982.25 to reflect the disbursement of child support as shown in the documentation prepared by Diaz's conservatorship. Diaz argues that $4,982.25 should be considered a collateral source as defined in I.C. § 72-1003(2). The State asserts that the amount of $4,982.25 (labeled as "Child Support for [minor child] (2)") cannot be considered a collateral source because the documentation specifically reflects the following: "[c]osts incurred by [guardian ad litem] and the Conservator are being paid by the Estate of Erasmo Diaz in lieu of Child Support at the request of the guardian and after approval by counsel." The State argues that, based on this language, the amount Diaz claims was paid toward child support was, instead, paid to the guardian ad litem and the conservator of Diaz's estate and cannot be claimed as a collateral source. We agree with the State.

Idaho Code Section 72-1003(2) defines a collateral source, in relevant part, as "a source of benefits" or "advantages for economic loss otherwise compensable under this chapter which the claimant has received or which is readily available" from the offender. The district court held that it could not count or credit the $4,982.25 as a collateral source because it was unclear if the entry from the first annual accounting in the conservatorship case actually reflected a source of benefits to Diaz's minor child. Further, Diaz has failed to show that his conservatorship paid $4,982.25 toward child support rather than to the guardian ad litem or conservator. Accordingly, Diaz has

failed to show the district court abused its discretion in denying his motion for relief from the amended restitution order.

**B.      Motion for Leniency under I.C.R. 35**

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Diaz contends the district court erred in denying his I.C.R. 35 motion, arguing that the evidence presented in his motion warranted a reduction of his sentence. Diaz argues, mindful of *Stillwell v. State*, 124 Idaho 366, 859 P.2d 964 (Ct. App. 1993) and *Olds v. State*, 122 Idaho 976, 842 P.2d 312 (Ct. App. 1992), that the new information he provided regarding the Idaho Commission of Pardons and Parole's "discriminatory practice of treating non-citizen inmates, differently than inmates who are citizens in parole considerations, warrants a reduction in his sentence" from a unified term of thirty years with fifteen years determinate to a unified term of twenty years with ten years determinate. The State asserts (as Diaz acknowledges) that existing case law is contrary to Diaz's claims and that parole challenges are premature if the appellant is not yet eligible for parole. Like the appellants in *Stillwell* and *Olds*, Diaz is not yet eligible for parole, has not yet been denied parole, and therefore has not yet suffered any prejudice from the asserted discriminatory policy. *See Stillwell*, 124 Idaho at 371, 859 P.2d at 969; *Olds*, 122 Idaho at 979, 842 P.2d at 315. Accordingly, Diaz has failed to show the district court erred in denying his I.C.R. 35 motion.

## IV.

### CONCLUSION

Diaz has failed to show the district court abused its discretion in denying his motion for relief from the amended restitution order because he did not establish that the $4,982.25 paid from

4

his conservatorship was a collateral source. Further, Diaz has failed to show the district court erred in denying his I.C.R. 35 motion. Accordingly, we affirm the district court's order denying motion for relief from the amended restitution order and the order denying Diaz's I.C.R. 35 motion.

Judge LORELLO and Judge PETTY, **CONCUR**.